Ji v. Yates

BIA
Christensen, IJ
A200 177 815

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand seventeen.

PRESENT:
>       GUIDO CALABRESI,
>       REENA RAGGI,
>       SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

YONGBIAO JI,
>       *Petitioner,*

>       v.                                          15-3765
>                                                   NAC
SALLY Q. YATES, ACTING UNITED
STATES ATTORNEY GENERAL,
>       *Respondent\*.*

_____

**FOR PETITIONER:**          Khagendra Gharti-Chhetry, New York, N.Y.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Sally Q. Yates is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongbiao Ji, a native and citizen of the People's Republic of China, seeks review of an October 30, 2015 decision of the BIA affirming a May 21, 2014 decision of an Immigration Judge ("IJ") denying Ji's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongbiao Ji,* No. A200 177 815 (B.I.A. Oct. 30, 2015), *aff'g* No. A200 177 815 (Immig. Ct. N.Y.C. May 21, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may,

2

"[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Ji was not credible as to his claim that the Chinese government arrested and beat him in February 2010 for protesting the demolition of his apartment building without just compensation.

The agency reasonably relied on Ji's inability to testify consistently regarding whether the Chinese government's demolition of his apartment rendered it un-inhabitable in February or July 2010. *See Xiu Xia Lin*, 534 F.3d at 166-67. Ji did not provide a compelling explanation for his inconsistent testimony in this regard. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, his documentary evidence was similarly inconsistent. A letter from apartment residents stated that the apartment building was left in ruins in February 2010, while Ji's written statement asserted that the apartment building became un-inhabitable a few months later.

Furthermore, Ji's testimony was inconsistent regarding whether he engaged in protest activities between March 2009,

when he learned of the plan to demolish the apartment building, and February 2010, when the demolition allegedly occurred. *See Xiu Xia Lin*, 534 F.3d at 166-67.

Having questioned Ji's credibility, the agency reasonably relied further on his failure to submit evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Ji failed to provide evidence that he owned his apartment or that the Chinese government offered him compensation for it. And the IJ was not compelled to credit Ji's explanation that this evidence was destroyed when high pressure water hoses were used to evict residents, because he submitted other evidence that was in the apartment at the same time. *See Majidi*, 430 F.3d at 80.

In light of these inconsistencies and the lack of corroboration, we conclude that the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of Ji's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not consider the agency's alternative bases for denying relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk